## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 14-03965-HB |
| Jeffrey Jerel Rhodes, | Chapter 13 |
| Debtor(s). | **ORDER** |

Debtor Jeffrey Jerel Rhodes objects to the claim of LVNV Funding, LLC ("LVNV") pursuant to 11 U.S.C. § 502(b)(1), asserting that it is unenforceable under state law because it is barred by the statute of limitations. LVNV asserts that the objection, filed after confirmation, is untimely and barred by the doctrine of *res judicata*. For the reasons set forth below, the Court sustains Rhodes' objection.

<u>FACTS</u>

The relevant facts are not in dispute. Rhodes filed a voluntary petition for Chapter 13 relief. A bar date was established for the filing of non-governmental claims. LVNV filed its general unsecured proof of claim prior to the bar date. The proof of claim states the debt was previously assigned to LVNV by another creditor and that the last payment on the debt was more than eight (8) years before the bankruptcy filing. After the claim was filed, Rhodes' Chapter 13 plan was confirmed without objection. The plan does not mention LVNV by name. Instead, the portion of the plan relevant to general unsecured claims is as follows:

> **IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court . . . Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:
>
> . . .

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **DOES NOT** propose to pay 100% of general unsecured claims.

This Chapter 13 plan requires payments from Rhodes to the trustee over a period of 60 months.  No distributions have yet been made to any general unsecured creditors under the plan and no funds for distributions to these creditors will be available for more than a year after the date that the hearing was held.  The plan phrase "confirmation of this plan does not bar a party in interest from objecting to a claim" is part of a form plan utilized in this district pursuant to SC LBR 3015-1.  This language facilitates early confirmation and distribution to certain creditors (usually holding secured, priority, or administrative claims) prior to the expiration of the bar date for the filing of all claims.

Approximately one year after confirmation of the plan, Rhodes filed his objection to LVNV's claim asserting that it should not be paid as part of the distribution to general unsecured creditors.

**DISCUSSION AND CONCLUSIONS OF LAW**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) and this Court may enter a final order.

LVNV does not dispute that collection of its debt is otherwise time-barred under state law.  Rather, it asserts that confirmation of the plan and *res judicata* bar Rhodes' objection to its claim.  *Res judicata* applies if:

(1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and,

2

(3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996).

The undersigned finds this case indistinguishable from *In re Harling*, 541 B.R. 330 (Bankr. D.S.C. 2015) and adopts its reasoning. In *Harling*, LVNV filed a timely general unsecured proof of claim prior to confirmation of the Chapter 13 plan. An order confirming the plan was entered shortly thereafter. Approximately one week later, the debtors objected to LVNV's claim on grounds that it was barred by the statute of limitations and unenforceable under state law. LVNV's response to that objection mirrors its response here.

Judge Duncan found that the first two elements of *res judicata* were easily met, but held that the confirmation order did not adjudicate the claim objection because the reservation of rights language – which is also at issue here – "carv[ed] out the claims resolution process as separate from confirmation by preserving the right to object to claims post-confirmation." *Id.* at 336 (citing *In re Johnson*, 279 B.R. 218, 226 (Bankr. M.D. Tenn. 2002)). Further, the reservation of rights provision was enforceable because it applied to a specific category of rights (e.g., the bankruptcy claims objection process) and was not so broad as to compromise the *res judicata* effect of the plan overall. *Id.*

In the instant matter, a review of the facts indicates that the first two elements of *res judicata* are not in dispute. Just like *Harling*, however, there are no facts in this record that would lead the Court to believe that the third element is satisfied here. A one year

3

delay from the date of confirmation to the filing of the claim objection, alone, does not warrant any distinction from the findings and reasoning of *Harling*.[1]

      **IT IS, THEREFORE, ORDERED** that Rhodes' Objection is sustained and LVNV's claim is disallowed.

**FILED BY THE COURT**
**01/13/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 01/13/2016

---

[1] LVNV did not assert that these facts offer relief under any additional theories such as laches, waiver, or estoppel.